IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| TRUSTEES OF THE NATIONAL AUTOMATIC SPRINKLER INDUSTRY WELFARE FUND, *et al.*, | * * * |
| Plaintiffs, | * Case No.: GJH-16-2901 |
| v. | * * |
| FIRST RESPONDER FIRE PROTECTION CORP., | * * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Pursuant to Fed. R. Civ. P. 55(b), Trustees of the National Automatic Sprinkler Industry Welfare Fund, Trustees of the National Automatic Sprinkler Local 669 UA Education Fund, Trustees of the National Automatic Sprinkler Industry Pension Fund, Trustees of the Sprinkler Industry Supplemental Pension Fund, and Trustees of the International Training Fund (collectively, "Plaintiffs" or "NASI Funds"), have filed a Motion for Default Judgment, with supporting declarations and exhibits. ECF No. 6. Defendant First Responder Fire Protection Corp. has not filed a response. No hearing is necessary to resolve the Motion. *See* Local Rule 105.6 (D. Md. 2016). For the reasons that follow, Plaintiffs' Motion is granted.

I. BACKGROUND

The NASI Funds are multiemployer "employee benefit plans" as that term is defined in the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1002(3). ECF No. 1 ¶ 2. The NASI Funds are established and maintained according to provisions of the Restated Agreements and Declarations of Trust ("Declarations of Trust") and collective bargaining

1

agreements between the Sprinkler Fitters Local Union Nos. 483, 669, 709 (the "Unions") and Defendant. *Id.*; *see also* ECF Nos. 6-4 through 6-18 (collective bargaining agreements); ECF Nos. 6-19 through 6-23 (trust agreements for NASI funds). Defendant First Responder Fire Protection Corp. is a California corporation with offices located in California. ECF No. 1 ¶ 3. Defendant transacts business as a contractor or subcontractor in the sprinkler industry, and is an employer in an industry affecting commerce as defined by ERISA, 29 U.S.C. §§ 1002(5), (9), (11), (12) and (14) and by the Labor-Management Relations Act (LMRA), 28 U.S.C. §§ 142(1), (3) and 152(2). *Id.*

Plaintiffs allege that Defendant entered into agreements with the Unions, which, in turn, bound them to the collective bargaining agreements executed between the Unions and the National Fire Sprinkler Association. ECF No. 1 ¶ 4; *see also* ECF Nos. 6-4 through 6-9 (agreements between Defendant and Local Union 669); ECF Nos. 6-10 through 6-14 (agreements between Defendant and Local Union 483); ECF Nos. 6-15 through 6-18 (agreements between Defendant and Local Union 709). Pursuant to these documents, Defendants were obligated to pay certain contributions to the NASI Funds for each hour worked by a covered employee. ECF No. 1 ¶ 5; *see also* ECF No. 6-3 ¶ 9. Plaintiffs further allege that from 2012 through the present, Defendant employed individuals that are covered under the collective bargaining agreements. ECF No. 1 ¶ 6.

In addition to requiring contributions to the NASI Funds, the collective bargaining agreements also bound Defendants to the respective Declarations of Trust, as well as Guidelines for Participation in the NASI Funds (collectively, "Trust Agreements"). *Id.* ¶ 7; *see also* ECF No. 6-3 ¶ 10. Under the terms of the Collective Bargaining Agreements, Trust Agreements and the Guidelines, the Trustees for the NASI Funds have the authority to conduct an audit of

Defendant's payroll records to determine the accuracy of their contributions to the funds. ECF No. 1 ¶ 8; *see also* ECF Nos. 6-19 through 6-23 (trust agreements of the NASI funds, authorizing the Trustees to conduct audits).

According to the Complaint, Defendant has failed to cooperate with the Funds' auditor's attempts to conduct an audit of Defendant's books and wage records for January 1, 2012 through the period of the audit. *Id.* ¶¶ 9-10. Specifically, John Eger, Assistant Fund Administrator of the NASI Funds, attested in a declaration that Defendant has not complied with their obligation, pursuant to the above referenced collective bargaining agreements, trust agreement and guidelines, to "submit to the NASI Funds the records that were requested by the NASI Fund's auditor." ECF No. 6-3 ¶¶ 13,15. Plaintiffs request that the Court enforce the terms of the above referenced agreements by ordering Defendant to permit an audit of its wages and payroll records. ECF No. 1 ¶ 13. They also request that the Court enter Judgment against Defendant for the amount determined to be owed by the audit, plus liquidated damages, interest from the date of delinquency to the date of payment, costs and reasonable attorney's fees, pursuant to 29 U.S.C. § 1132(g), and the above-referenced agreements. *Id.* Finally, Plaintiffs request Judgment against Defendant for all expenses, including accountant's fees, related to the audit and attempted audit, again pursuant 29 U.S.C. § 1132(g), and the above-referenced agreements. *Id.*

Plaintiffs initiated the present action on August 17, 2016, ECF No. 1, and served Defendant via private process server on September 1, 2016. ECF No. 4. The time for Defendant to respond to Plaintiffs' Complaint expired on September 22, 2016. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). On October 11, 2016, Plaintiffs moved for Clerk's Entry of Default and for Default Judgment. ECF Nos. 5 & 6. An Order of Default was entered against Defendant on

3

November 4, 2016. ECF No. 7. To date, no response from Defendant has been received by this Court.

## II. STANDARD OF REVIEW

"A defendant's default does not automatically entitle the plaintiff to entry of a default judgment: rather, that decision is left to the discretion of the court." *Choice Hotels Intern., Inc. v. Savannah Shakti Carp.*, No. DKC-11-0438, 2011 WL 5118328 at * 2 (D. Md. Oct. 25, 2011) (citing *Dow v. Jones*, 232 F. Supp. 2d 491, 494 (D. Md. 2002)). Although "[t]he Fourth Circuit has a 'strong policy' that 'cases be decided on their merits,'" *id.* (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), "default judgment may be appropriate when the adversary process has been halted because of an essentially unresponsive party[.]" *Id.* (citing *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005)).

"Upon default, the well-pled allegations in a complaint as to liability are taken as true, although the allegations as to damages are not." *Id.* at 422. While the Court may hold a hearing to prove damages, it is not required to do so; it may rely instead on "detailed affidavits or documentary evidence to determine the appropriate sum." *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001) (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)); *see also Laborers' District Council Pension, et al. v. E.G.S., Inc.*, No. WDQ–09–3174, 2010 WL 1568595, at *3 (D. Md. Apr.16, 2010) ("[O]n default judgment, the Court may only award damages without a hearing if the record supports the damages requested.").

## III. DISCUSSION

### A. Liability

Here, the NASI Funds claim that Defendant breached their collective bargaining agreements by failing to comply with the auditor's requests. "ERISA and LMRA authorize

parties to enforce the provisions of their collective bargaining agreements." *Trustees of the Nat. Asbestos Workers Pension Fund v. Ideal Insulation Inc.*, No. CIV. ELH-11-832, 2011 WL 5151067, at *3 (D. Md. Oct. 27, 2011) (internal quotation omitted); *see also* 29 U.S.C. § 185(a) and 29 U.S.C. § 1132(a)(1)(B). The Complaint, and the materials submitted in support of Plaintiffs' Motion for Default Judgment, which included the aforementioned Declaration of John Eger, Assistant Fund Administrator of the NASI Funds, and the relevant collective bargaining and trust agreements, taken as true, establish that Defendant was required to make contributions to the NASI funds and was bound to the trust agreements establishing each fund, which authorized the Trustees to conduct an audit to determine the accuracy of their contributions. ECF No. 1 ¶¶ 5-8; *see also* ECF No. 6-3 ¶¶ 9-11. In his declaration, Mr. Eger states that Defendant was required to provide the NASI Fund's auditor with the requested records, but have not done so.[1] ECF No. 6-3 ¶¶ 12-15. This failure by Defendant is thus a breach of the collective bargaining agreements they agreed to abide by and entitles them to the statutory remedies under 29 U.S.C. § 1132(g)(2). *See Trustees of the Nat. Asbestos Workers Pension Fund*, 2011 WL 5151067, at *3 (defendant's failure to permit an audit of its records or provide records to trustees upon request entitled plaintiff's to statutory remedies under 29 U.S.C. §1132(g)(2)).

B. **Relief**

Having established Defendant's liability, the Court next considers Plaintiffs' request for relief. "When a plaintiff prevails in an ERISA action to enforce the payment of delinquent contributions due to an employee benefit plan, the court *shall* award the plan: (A) the unpaid contributions, (B) interest on the unpaid contributions, (C) an amount equal to the greater of—(i)

---

[1] Plaintiffs do not point the Court towards where specifically in the agreements it is stated that Defendants are required to comply with an auditor's request. However, this fact is attested to by Mr. Eger and it is a reasonable inference from Defendant's clear obligations to contribute to the funds and their agreement to be bound by the trust agreements, which empower the Trustees to conduct an audit.

5

interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A), (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and (E) such other legal or equitable relief as the court deems appropriate." *Bd. of Trustees of Operating Engineers Local 37 Ben. Fund v. Fraternal Order of Eagles Cumberland No. 245*, No. WDQ-09-3123, 2010 WL 4806975, at *3 (D. Md. Nov. 18, 2010) (emphasis in original).

Here, Plaintiffs do not request a specific amount of damages because they do not know the amount of unpaid contributions. Instead, they request an audit of Defendant's records, and an Order that the Defendant be required to pay the amount the audit determines is owed. In similar situations, other courts, both within this district and across the country, have found that, given the Court's authority to order "other legal or equitable relief," 29 U.S.C. § 1132(g)(2)(E), it is appropriate to order the injunctive relief requested here by Plaintiffs. *See Trustees of the Nat. Asbestos Workers Pension Fund v. Ideal Insulation Inc.*, 2011 WL 5151067, at *6 (ordering defendant to allow plaintiff's auditor to conduct an audit and produce any record requested by plaintiff's auditor); *see also Wine v. SCH Elec., L.L.C.*, No. CV-08-0874-PHX-LOA, 2008 WL 4073853, at *4 (D. Ariz. Aug. 28, 2008) (ordering that defendant file copies of delinquent contribution reports and pay all contribution shown to be due). Pursuant to the trust agreements attached herein, the Trustees have the authority to conduct an audit for the purposes of determining the accuracy of the contributions to the funds. ECF No. 6-3 ¶ 11; *see also* ECF No. 6-19 through 6-23. Therefore, pursuant to the Court's authority to order "other legal or equitable relief as appropriate," 29 U.S.C. § 1132(g)(2)(E), Defendant is ordered to allow Plaintiffs' auditors to conduct an audit going back to January 1, 2012 and pay the amount shown to be due.

### C. Attorney's Fees and Costs

Plaintiffs also request attorney's fees and costs pursuant to ERISA, 29 USC § 1132(g)(2)(D), and the terms of the collective bargaining agreements and trust agreements. ECF No. 1 ¶ 13. A prevailing plaintiff in an ERISA enforcement action for delinquent contributions shall receive reasonable attorney's fees and costs of the action. *See Bd. of Trustees of Operating Engineers Local 37 Ben. Fund*, 2010 WL 4806975, at *3.

In support of their claim for attorneys' fees and costs, Plaintiffs submit the declaration of their attorney, Charles W. Gilligan, ECF No. 6-25, a spreadsheet specifying the hourly billing by Gilligan and his paralegal with respect to the instant lawsuit, ECF No. 6-26, and an invoice for costs spent on process service, ECF No. 6-27. These materials indicate that Gilligan's firm spent 4.25 hours on this case on behalf of Plaintiffs, at a negotiated rate of $122 per hour for paralegal time and $310 per hour for attorney time. ECF No. 6-25 ¶ 5; *see also* ECF No. 6-26. Gilligan further attests that he has been a member of this Court for over 30 years. ECF No. 6-25 ¶ 1. These rates are certainly fair considering that they fall on the low end of the local guidelines, which note that a reasonable rate for lawyers admitted to the bar twenty or more years is between $300 and $475 an hour. *See* Local Rule App. B (D. Md. 2016). Furthermore, the brief amount of time expended by Gilligan and his paralegal was commensurate with the task at hand. Plaintiffs are therefore awarded $612.50 in attorneys' fees.

The record also substantiates the following expenses: $175 for out-of-state service of process and $400 for filing fees. ECF Nos. 6-27. Thus, Plaintiffs are awarded $575.00 in costs.

### D. Audit Expenses

Finally, Plaintiffs request Judgment against Defendant for all expenses, including accountant's fees, related to the audit and attempted audit. ECF No. 1 ¶ 13. In his declaration,

John Eger, Assistant Fund Administrator, states that the trust agreements provide that employers who fail to pay contributions in a timely fashion are liable for "all expenses incurred in enforcing payment of the contributions due…including accountant's fees." ECF No. 6-3 ¶ 16; *see also* ECF No. 6-24 at 7 ("If the Funds must sue to enforce an audit, the cost of the audit and any other costs.. are added the amount due.").[2] As discussed above, pursuant to 29 U.S.C. § 1132(g)(E), the Court has the authority to order "other legal or equitable relief as appropriate." Thus, the Court orders that Plaintiffs are awarded all expenses related to the audit and attempted audit, in an amount to be determined by an affidavit that Plaintiffs shall submit to the Court. *See also Int'l Painters & Allied Trades Indus. Pension Fund v. Libmak Co., LLC*, No. CIV.A. ELH-12-1125, 2012 WL 5383313, at *8 (D. Md. Oct. 31, 2012), *report and recommendation adopted*, No. CIV.A. ELH-12-1125, 2012 WL 5947335 (D. Md. Nov. 27, 2012) (awarding audit expenses).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Default Judgment, ECF No. 6, shall be granted. A separate Order follows.

Dated: June 12, 2017

GEORGE J. HAZEL
United States District Judge

---

[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.